# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **VARNA TRUCKING, INC.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | Case No. 6:21-cv-00498 |
| | ) | |
| **CENTRAL FREIGHT LINES, INC.,** | ) | |
| | ) | |
| **Defendant** | ) | |

## COMPLAINT

Plaintiff Varna Trucking, Inc. (hereinafter called "Varna"), by and through Counsel, files this Complaint against Defendant Central Freight Lines, Inc. (hereinafter called "Central"). In support thereof, Varna shows the Court the following:

## Parties

1. Varna is a California corporation whose principal place of business is located at 10193 Live Oak Ave, Fontana, CA 92335.

2. Varna is engaged in the performance of intrastate and interstate carriage for hire by authority issued to it by the Federal Motor Carrier Safety Administration ("FMCSA").

3. Central is a Texas corporation whose principal place of business is located at 5601 West Waco Drive, Waco, Texas 76710.

4. Central's agent for service of process is Douglas Fletcher whose address is 9201 North Central Expressway, Suite 600, Dallas, Texas 75231.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1337. This matter exceeds $75,000 in controversy, exclusive of interest and costs.

6. Pursuant to 28 U.S.C. 1391(b), venue is proper in this district and division because the parties entered into a contract in Waco, Texas, and Central's principal place of business is within this district and division.

7. This Court has personal jurisdiction over Central because Central's principal place of business is within this district and division, Central's business in Texas forms a part of the conduct at issue in this case, Central is a Texas Corporation, and Central continuously and systematically does business in Texas.

## Count I

## Breach of Contract

8. On or about March 14, 2014, Central and Varna entered into a contract entitled: MAP-21 MOTOR CARRIER SUBHAUL AGREEMENT (the "Contract"). Appendix A.

9. Pursuant to the Contract, Central agreed to tender to Varna on a non-exclusive basis shipments consisting of certain goods for transport between points within North America. Appendix A, ¶1.

10. Pursuant to the Contract, every shipment tendered to Varna by Central was physically transported by Central from point of origin to the point of tendering the cargo to Varna or would be physically transported by Central from the point of transfer of the cargo from Varna to Central to the point of destination. Appendix A, ¶2.

11. Pursuant to the Contract, Central agreed to pay Varna for the transportation of shipments under the Contract in accordance with the rates described therein within 30 days of receipt of Varna's invoice and signed delivery document covering a shipment. Appendix A, ¶15.

12. Pursuant to the Contract, between November 2019 and August 2020, Varna transported shipments for Central, for which Central failed to fully compensate Varna. The present amount due and owing under the Contract is $552,371.34. *See* Appendix A, B.

13. With respect to each of the shipments, Varna presented Central with an invoice and signed delivery document, but Central has failed to make payment, and $552,371.34 remains due, owing, and yet unpaid.

14. The Contract is to be construed according to federal law governing transportation and the laws of the State of Texas. Appendix A, ¶30.

15. Varna was required to retain the undersigned attorneys to prosecute its claim against Central, and Varna has agreed to pay reasonable and necessary fees and costs to its attorneys to prosecute this action. Varna is entitled to recover its reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code § 38.001.

WHEREFORE, Plaintiff Varna Trucking, Inc. prays to the Court for Judgment as follows:

1. That Judgment be entered against Defendant Central Freight Lines, Inc. and that Varna be awarded $552,371.34 for otherwise identified and unpaid freight charges;

2. That Varna have and recover its reasonable and necessary attorneys' fees and expenses incurred in prosecuting this action;

3. That Varna be awarded pre- and post-Judgment interest and costs of this suit; and

4. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Vic H. Henry*
Vic H. Henry
TBA No. 09484250
vhhenry@hoaf.com
Emileigh Hubbard
TBA No. 24076717
ehubbard@hoaf.com

**HENRY ODDO AUSTIN & FLETCHER,**
  **A Professional Corporation**
1700 Pacific Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 658-1900
Facsimile: (214) 658-1919

**ATTORNEYS FOR PLAINTIFF
VARNA TRUCKING, INC.**